# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00232-CR

**Jerry Lee Moore, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TOM GREEN COUNTY
## NO. 12-00447, HONORABLE BEN NOLEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found Jerry Lee Moore guilty of burglary of a vehicle, and the trial court assessed a sentence of three hundred days in jail. Appellant contends that the trial court erred by denying his motion to strike jury panelists for cause and by denying his request for additional voir-dire questioning and peremptory strikes, which allowed the jury selected to contain members he found objectionable. We will affirm the judgment.

We review the trial court's denial of a challenge for cause for an abuse of discretion. *Swearingen v. State*, 101 S.W.3d 89, 98 (Tex. Crim. App. 2003). When reviewing the trial court's decision regarding a strike, we consider the voir dire as a whole. *Id*. at 99. We accord great deference to the trial court's decision because the trial judge had the opportunity to observe the panelists' demeanor and to listen to their vocal inflection. *Id*.; *see also Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). We give particular deference to the decision when the panelist's answers are vacillating, unclear, or contradictory. *Feldman*, 71 S.W.3d at 744. The proponent of a challenge for cause bears the burden of establishing that his challenge is proper. *Id*. at 747. When

the trial judge errs in overruling a challenge for cause against a panelist, the defendant is harmed if he uses a peremptory strike to remove the panelist and thereafter suffers a detriment from the loss of the strike. *Demouchette v. State*, 731 S.W.2d 75, 83 (Tex. Crim. App. 1986).

This appeal rests on the trial court's denial of appellant's motions to strike panelists three, four, five, six, twelve, and sixteen because they could not abide by the reasonable-doubt standard. During voir dire, appellant, acting through counsel, asked panelists if they disagreed with the following proposition: "The reasonable doubt standard is always a good thing in criminal trials." Based on these panelists' raising their hands in disagreement, appellant asserted that they would not correctly apply the reasonable-doubt standard.[1] After the jury panel was excused, appellant requested that these panelists be struck for cause, that the trial court allow him to ask these panelists more questions, and that the trial court grant him additional peremptory strikes. The trial court denied these motions. The State then struck panelists nine, fourteen, and sixteen, and appellant struck panelists four, six, and seven. The jury included panelists whom appellant had sought to strike for cause.

Appellant complains that the trial court's decisions violated his constitutional right to a fair and impartial jury. He complains that he was forced to use one of his peremptory strikes on panelist four who should have been struck for cause and that he was wrongly denied additional

---

[1] In the Statement of Facts in his appellate brief, appellant discusses a similar sequence involving other panelists concerning the presumption of innocence. During voir dire, appellant's counsel asked panelists if they disagreed with this proposition: "It is better that nine guilty people go free than one innocent person be convicted." Appellant's motion to strike those who disagreed with this statement does not appear to present the failure to strike them for those responses as an issue on appeal. To the extent that this argument is implied, our analysis is the same for it as for the assertion that the challenged jurors would not require the State to prove beyond a reasonable doubt that appellant committed the offense.

peremptory strikes. He contends he had to try his case in front of jurors who disagreed with his right to have the State prove his guilt beyond a reasonable doubt.

In order to successfully challenge a prospective juror for cause, a party must show that the panelist has a bias or prejudice in favor of or against the defendant. *See* Tex. Code Crim. Proc. art. 35.16(a)(9). The test is whether the bias or prejudice would substantially impair the panelist's ability to carry out his oath and instructions in accordance with the law. *Feldman*, 71 S.W.3d at 744. To establish that the challenge for cause is proper, the proponent of the challenge must show that the panelist understood the requirements of the law and could not overcome his prejudice well enough to follow the law. *Gonzales v. State*, 353 S.W.3d 826, 832 (Tex. Crim. App. 2011). In other words, before a prospective juror can be excused for cause, the law must be explained to him, and he must be asked whether he can follow that law regardless of his personal views. *Feldman*, 71 S.W.3d at 744. When the record does not contain a clearly objectionable declaration by the panelist or it shows the panelist vacillating or equivocating, we accord great deference to the trial judge who had the better opportunity to see and hear the person. *Swearingen*, 101 S.W.3d at 99; *see also King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000).

Appellant has not demonstrated error by the trial court. None of the objected-to panelists declared that they could not or would not apply the beyond-a-reasonable-doubt standard. The broad generalization of counsel's statement regarding whether the reasonable-doubt standard "is always a good thing" did not elicit a response showing whether the panelists could apply the law despite whatever reservations their responses indicated. Appellant did not follow up with additional specific questions to the panelists he later sought to strike for cause.[2] He did not show that any

---

[2] After stating that the reasonable-doubt question was "a subjective philosophical question and doesn't relate directly to whether they would hold themselves to the high standard they need to

3

panelist disagreed with the requirement that the State prove beyond a reasonable doubt that he committed the offense, and therefore he has not demonstrated that an erroneous act or omission by the trial court allowed a panelist with such a belief to serve as a juror in his case. He also has not demonstrated error in the denial of his request for additional peremptory strikes. *See Cooks v. State*, 844 S.W.2d 697, 717 (Tex. Crim. App. 1992) ("No abuse of discretion will be found for overruling a defendant's request for additional strikes in the absence of 'wrongdoing' on the part of the trial court.").

We affirm the judgment of conviction.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: August 20, 2014

Do Not Publish

_____

in the charge," the trial court noted that none of the panelists were asked follow-up questions about whether they would be able to follow the law. The court stated, "If you wish to bring those people back in and ask them any further, you can, but I think that they—my guess is they would all say, well, of course I can follow whatever the Judge says is the law." The court then denied the motions to strike for cause. Appellant's counsel then asked "that at least on Jurors 3, 4, 5, and 6 that I be allowed just to inquire of them individually for the record?. . . I mean, while I may disagree with the Court, I do think that the reasonable doubt is enough of an answer that I would like to further inquire. I understand that the Court has already made a ruling and if you don't want me to, I don't intend—I'm not trying to taint a jury." The court responded: "Oh, that's fine. I understand. Uhm, I think that the ruling will stand on 3, 4, 5, and 6 based upon the questions in the voir dire that was asked at this point." But the court never expressly denied appellant's request to interview the panelists further on the issue. No error regarding the absence of follow-up questioning is preserved for our review.

4